972 F.2d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael McGOVREN, Plaintiff-Appellant,
v.
Douglas A. McCOLL, California Highway Patrol Officer No.
11704, Defendant-Appellee.
 No. 90-15580.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Aug. 25, 1992.
 
 Before WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 McGovren appeals the district court's grant of summary judgment to California Highway Patrol Officer McColl. McGovren brought this civil rights action under 42 U.S.C. §§ 1983-1988, and 18 U.S.C. §§ 241-242. McGovren contends there were unresolved genuine issues of material fact regarding his allegation that McColl falsely arrested him which should have precluded summary judgment.
 
 
 3
 Summary judgment is proper unless there are genuinely disputed issues of material fact as to whether a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In this case, however, we are persuaded that there is no genuine issue of material fact to prevent the entry of judgment for Officer McColl.
 
 
 4
 Here, McColl had authority to stop McGovren. Terry v. Ohio, 392 U.S. 1, 20-22 (1968). The improper lane change and the presence of two different license plates on the car were sufficient bases for the officer to stop the car and to investigate.
 
 
 5
 McColl's subsequent discovery that McGovren did not possess a driver's license constituted probable cause to arrest McGovren had the officer chosen to do so. See Beck v. Ohio, 379 U.S. 89, 96 (1964). Having determined not to take him into custody, the officer acted properly in having McGovren's vehicle towed from the highway, since there was no properly licensed driver available to drive it away.
 
 
 6
 McGovren's vociferous contradiction of every fact presented by the officer in his motion does not fulfill the burden required to withstand summary judgment. Summary judgment is properly entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). McGovren failed to present evidence to establish one of the essential elements of his false arrest claim, namely, that he was arrested. Indeed, McGovren admitted that he was allowed to accompany the tow truck operator when his car was taken away. Summary judgment was therefore properly granted for the officer.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3